```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

FREDDIE S. RALEY,                }
                                 }
     Plaintiff,                  }
                                 }    CIVIL ACTION NO.
v.                               }
                                 }    2:14-CV-857-WMA
BANK OF AMERICA, N.A., and       }
FIA CARD SERVICES, N.A.,         }
                                 }
     Defendants.                 }
```

**<u>MEMORANDUM OPINION</u>**

Before the court are two motions filed by defendants Bank of America, N.A., and FIA Card Services, N.A. ("the Bank"),[1] seeking dismissal of the above-entitled action: (1) a motion for judgment on the pleadings filed on August 27, 2014 (Doc. 10); and (2) a motion to strike or in the alternative to dismiss filed on September 29, 2014 (Doc. 19). In Raley's latest response, he seeks leave to amend his complaint, and for a remand of the case to the state court. (Doc. 21). This court will construe both of Raley's such requests as motions. For the reasons articulated below, Raley's quasi-motion for leave to amend will be granted, the Bank's motion for judgment on the pleadings will be denied as moot, the Bank's motion to strike will be denied, the Bank's motion to dismiss will be granted in part and denied in part, and Raley's quasi-motion for remand will be granted.

---

[1] The defendants assert in their supplemental disclosure statement that FIA Card Services, N.A., has merged into Bank of America, N.A. (Doc. 26). Therefore, the court will characterize the defendants as one entity.

## BACKGROUND[2]

Raley is an 83-year-old disabled military veteran, and a resident of Jefferson County, Alabama. (Doc. 12 at 1, ¶ 1). Beginning in 2010, the Bank began contacting Raley regarding two credit card accounts that he claims never to have opened. (Doc. 12 at 2, ¶¶ 5-6). Raley hired an attorney, who wrote to the Bank saying unequivocally that Raley never opened the subject accounts and demanding that all further communications regarding the accounts be directed to the attorney and not to Raley. (Doc. 12 at 2-3, ¶¶ 7-9). The Bank, however, continued to contact Raley directly, threatening referral of the matter to a collection agency and litigation if Raley did not pay. (Doc. 12 at 3, ¶¶ 12-13). Various threats and responses ensued through late 2013, directed either to Raley or his attorney. (Doc. 12 at 4-5, ¶¶ 14-23).

In January 2014, Raley received a Form 1099-C from the Bank, stating that it had reported to the IRS and to the Alabama Department of Revenue a forgiveness of the debt owed by Raley in the amount of $7,454.07, potentially resulting in a significant increase in Raley's income tax liability. (Doc. 12 at 5, ¶ 24). Raley's attorney once again contacted the Bank, to which the Bank replied, "If you believe there was fraud associated with this account, please call our Fraud Department . . . ." (Doc. 12 at 5-6,

---

[2]Because of the standard of review for motions brought under Fed. R. Civ. P. 12(b)(6) and 12(c), all facts alleged by Raley are accepted as true.

¶¶ 25-26).

Raley commenced this action in the Circuit Court of Jefferson County, Alabama, on April 2, 2014. The original complaint presents four causes of action: (1) violation of the federal Fair Debt Collection Practices Act; (2) state-law negligence; (3) state-law private nuisance; and (4) state-law wantonness. The Bank removed the action to this court on May 7, 2014, invoking the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as its supplemental jurisdiction under 28 U.S.C. § 1367. The Bank moved for judgment on the pleadings on August 27, 2014. In response, Raley filed an amendment to his complaint without seeking leave. Subject to his belated motion to remand, Raley now seeks to advance five causes of action: (1) violation of 26 U.S.C. § 7434; (2) state-law negligence; (3) state-law wantonness; (4) state-law defamation; and (5) state-law statutory negligence (based on various federal statutes).

The Bank moves to strike the amendment to complaint as improperly filed, or in the alternative, to dismiss the action. In Raley's response, he seeks leave to amend the complaint, as well as for an order remanding the action to the state court.

## DISCUSSION

**A. The Bank's Motion to Strike and Raley's Motion for Leave to Amend**

In response to the Bank's motion for judgment on the pleadings, Raley filed an amendment to his complaint on September

3

9 (Doc. 12), although he did not request leave from the court to do so. With narrow exceptions not here present, all amendments, even if within the time period to amend pleadings set out in the scheduling order, may only occur with the opposing party's consent or with the court's leave. Fed. R. Civ. P. 15(a)(2); *see also Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.") (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1485 (1971)).

Without having sought and having obtained leave to amend, Raley's purported amended complaint should not be considered, and the Bank's motion to strike would be well taken. Raley, however, now seeks leave to amend in his response filed on October 9, which this court will construe as a motion for leave to amend his complaint. (Doc. 21). Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave when justice so requires." The Bank argues that this court should not grant leave because it would be futile to do so. "Denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)

(quoting *Halliburton & Assocs. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). "In other words, denial on grounds of futility is essentially a holding that the proposed amended complaint fails to state a claim upon which relief can be granted . . . ." *SFM Holdings, Ltd. v. Banc of America Securities LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014). Because the motion to strike essentially employs the same standard as the Bank's motion to dismiss, the court will deny the motion to strike and will grant Raley's motion for leave to amend.

**B. The Bank's Motion for Judgment on the Pleadings**

"As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Because Raley's claims in his original complaint have now been abandoned or superseded, the Bank's motion for judgment on the pleadings is due to be denied as moot, because it relates only to Raley's original complaint. *See Washington v. Potter*, No. 1:09-CV-1774-JOF-RGV, 2010 WL 2635647, *1 n.1 (N.D. Ga. Apr. 16, 2010) ("Since plaintiff has abandoned the claims asserted in her original complaint, it is RECOMMENDED that defendant's motion to dismiss plaintiff's original complaint, [Doc. 7], be DENIED as moot.").

**C. The Bank's Motion to Dismiss**

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "'accep[t] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff.'" *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). A complaint must, however, "state a claim to relief that is plausible on its face" to survive such a motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has identified two working principles for district courts to apply in ruling on motions to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Bank challenges the sufficiency of each of Raley's five

counts in his amended complaint, and each will be discussed in turn.

### 1. Violation of 26 U.S.C. § 7434

In his amended complaint, Raley alleges that the Bank violated 26 U.S.C. § 7434, "by willfully filing a fraudulent 1099-C with the Internal Revenue Service and the State of Alabama Department of Revenue." (Doc. 12 at 8, ¶ 19). Raley, however, expressly and understandably has abandoned this claim in his response to the Bank's motion to dismiss (Doc. 21 at 3-4). Such abandonment is well taken. 26 U.S.C. § 7434(a) imposes liability on a person who "willfully files a fraudulent information return with respect to payments to be made to any other person." Nine types of statements are considered to be information returns under the statute, but a Form 1099-C is not one of them. 26 U.S.C. §§ 6724(d)(1)(A), 7434(f) (2012). Thus, even if the Bank filed the Form 1099-C fraudulently, such an act would not constitute a violation of § 7434. For this reason Raley has acknowledged that he fails to state a claim in Count I. *See Cavoto v. Hayes*, 634 F.3d 921 (7th Cir. 2011). At this point the only federal law claim in his complaint disappeared.

### 2. Common Law Negligence

In Count II of the amended complaint, Raley asserts a claim for (state-law) common law negligence. "To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage

or injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). The Bank claims that Raley has not sufficiently identified a duty owed to him by the Bank, negating liability. "The existence of a duty is a question of law to be decided by the court." *Franklin v. City of Athens*, 938 So. 2d 950, 953 (Ala. Civ. App. 2005).

In his amended complaint, Raley alleges that the Bank "owed a common law duty to Plaintiff not to negligently report to the Internal Revenue Service and the State of Alabama Department of Revenue the forgiveness of a debt that Plaintiff did not owe." (Doc. 12 at 9-10, ¶ 37). "In general, 'every person owes every other person a duty imposed by law to be careful not to hurt him.'" *Smitherman v. McCafferty*, 622 So. 2d 322, 324 (Ala. 1993) (quoting *Southeastern Greyhound Lines v. Callahan*, 13 So. 2d 660, 663 (Ala. 1943)). "To determine whether a [specific] duty existed, this court should consider a number of factors, including public policy, social considerations, and whether the injury was foreseeable to [the Bank]." *Carrio v. Denson*, 689 So. 2d 121, 124 (Ala. Civ. App. 1996). "The key factor is whether the injury was foreseeable by the defendant." *Smitherman*, 622 So. 2d at 324.

If this court was not remanding the case to state court it would find that Raley plausibly states a claim for common law negligence. Raley alleges that his attorney repeatedly informed the Bank that Raley did not open the credit card accounts and does not owe the debt, yet the Bank still issued the 1099-C. The Bank

apparently did not refer the matter to its fraud department, or even inform Raley or his attorney that such a department existed, until February 2014. (Doc. 12 at 6, ¶ 26). The foreseeability of harm to Raley in this situation is evident, since his tax liability would almost certainly increase. While these facts must all subsequently be proven, Raley has plausibly alleged a duty owed by the Bank to Raley, so his claim for common law negligence would be sufficient to survive the Bank's motion under *Twombly* and *Iqbal*.

### 3. **Wantonness**

The Bank also challenges Raley's wantonness claim. Wantonness is defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20 (1975). A wantonness cause of action imposes similar requirements to a negligence claim, but with the enhanced culpability requirement that the conduct be done recklessly or in conscious disregard of others' rights. *See Edmonson v. Cooper Cameron Corp.*, 374 F. Supp. 2d 1103, 1106 (M.D. Ala. 2005).

The Bank contends that, as in the negligence claim, Raley fails to show a duty. For the reasons stated above, such argument fails. The Bank also claims that Raley did not plausibly allege that the Bank acted with reckless indifference to the consequences of its actions. The amended complaint states that the Bank acted "wantonly and with malice," and again that the action was "wanton" and done with "intentional malice." (Doc. 12 at 12-13, ¶¶ 42, 45).

These statements are legal conclusions, due to be ignored under *Twombly* and *Iqbal*; what is important is whether the alleged facts support the claim.

While this court would find that Raley has plausibly alleged a claim for wantonness, the state court to which the case will be returned is not bound by *Twombly* or *Iqbal*. Raley alleges that the Bank repeatedly contacted him and threatened collection actions against him even though he claimed to have never opened the accounts and instructed that all contact be made through his attorney. The Bank then, apparently without ever referring the matter to its Fraud Department, submitted a Form 1099-C, stating that it had forgiven the debt. While these are unproven allegations, they are sufficient at this stage to plausibly allege that the Bank acted with a reckless or conscious disregard of Raley's rights, especially considering the repeated denials of liability and lack of a sufficient investigation into the validity of the debt. Consequently, the wantonness claim would pass muster under *Twombly* and *Iqbal* if this court should exercise its supplementary jurisdiction.

### 4. Defamation

Raley asserts a claim in Count IV for defamation.

> The elements of a cause of action for defamation are: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and 4) either actionability of the statement irrespective of special harm [(per se)] or the

>existence of special harm caused by the publication of the statement [(per quod)].

*Dudley v. Bass Anglers Sportsman Soc.*, 777 So. 2d 135, 140 (Ala. Civ. App. 2000) (quoting *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So. 2d 1280, 1289 (Ala. 1993)).

The Bank challenges this claim on two grounds. First, the Bank argues that Raley does not sufficiently allege an injury to his reputation. For a statement to be defamatory (under the first element of the cause of action), the statement must "'ten[d] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Id.* (quoting *Harris v. Sch. Annual Publ'g Co.*, 466 So. 2d 963, 964 (Ala. 1985)). The statement must "'subjec[t] the person to disgrace, ridicule, odium, or contempt in the estimation of his friends and acquaintances, or the public, with resulting damage to his reputation." *Id.* (quoting *Marion v. Davis*, 114 So. 357, 359 (Ala. 1927)). The Bank claims that, because the 1099-C was only sent to the IRS and ADR, and because Raley does not allege that the submission caused either of those organizations to think less of him, he has not alleged a sufficient reputational injury, since "[h]aving one's taxes increased is not reputational injury." (Doc. 19 at 22).

Raley, however, also alleges that "[i]t was made to appear to others that Raley did not pay his debts and [the Bank was] required to write off said debts." (Doc. 12 at 14, ¶ 48). The Bank contends

11

that this allegation is insufficient, since Raley does not identify the alleged "others" who now think less of him, but the Bank cites no authority for the proposition that such identification is necessary. What is required is an allegation that Raley's reputation was harmed, and this is precisely what he alleges. While the allegation may be in general terms and will require specific proof in the future, it would be sufficient at this stage to proceed if the case should proceed in this court.

The Bank also seeks dismissal of Raley's defamation claim because the Bank acted under a qualified privilege. Under Alabama law, "[w]here a party makes a communication and that communication is prompted by a duty owed either to the public or to a third party . . . the communication is privileged, if it is made in good faith and without actual malice." *Hoover v. Tuttle*, 611 So. 2d 290, 293 (Ala. 1992). "A plaintiff cannot prevail against an established defense of qualified privilege unless he has pleaded and proved defamation committed with actual malice." *Ex parte Blue Cross & Blue Shield of Ala.*, 773 So. 2d 475, 479 (Ala. 2000). Actual malice "may be shown, not only by 'evidence of hostility, rivalry, the violence of the language, the mode and extent of publication,' but, also, by proof of 'the recklessness of the publication and prior information regarding its falsity.'" *Wiggins v. Mallard*, 905 So. 2d 776, 788 (Ala. 2004) (quoting *Johnson Publ'g Co. v. Davis*, 124 So. 2d 441, 450 (Ala. 1960)) (emphasis omitted).

The Bank is correct in asserting that the information it provided to the IRS and ADR was provided under a qualified privilege. 26 U.S.C. § 6050P requires a Form 1099-C to be issued whenever a person discharges a debt, and this is what the Bank did. The communication was therefore "prompted by a duty," *Hoover*, 611 So. 2d at 293, so it is protected by a qualified privilege.

This is not an absolute privilege, however; it only protects the Bank to the extent that the statement was made without actual malice, which may be shown "by proof of 'the recklessness of the publication and prior information regarding its falsity.'" *Wiggins*, 905 So. 2d at 788 (quoting *Davis*, 124 So. 2d at 450). Consequently, the court suggests that Raley has sufficiently pled actual malice; the facts, as alleged, can lead to the plausible inference that the Bank was at least reckless as to the falsity of the statement, since it was repeatedly put on notice that the debt may not be valid yet did not sufficiently investigate. Therefore, in what turns out to be a matter of academic intent, Raley has sufficiently alleged that the Bank acted with actual malice in defaming him, so the defamation claim would not be dismissed if the case remained here.

**5. Statutory Negligence**

In addition to the claim for common law negligence, Raley adds a claim for statutory negligence under Alabama law, more commonly known as negligence per se.

> To establish negligence per se, a plaintiff must prove: (1) that the statute the defendant is charged with violating was enacted to protect a class of persons to which the plaintiff belonged; (2) that the plaintiff's injury was the kind of injury contemplated by the statute; (3) that the defendant violated the statute; and (4) that the defendant's violation of the statute proximately caused the plaintiff's injury.

*Cook's Pest Control, Inc. v. Rebat*, 28 So. 3d 716 (Ala. 2009) (quoting *Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 3012 (Ala. 2003)).

Raley identifies three statutes that he claims the Bank to have violated. The first is 26 U.S.C. § 6050P(a), which requires any entity that discharges the indebtedness of another to issue a Form 1099-C. Raley's allegations do not satisfy any of the essential elements of negligence per se. The statute only requires that a Form 1099-C be issued when indebtedness is discharged; it imposes no duty of care in doing so, so even an improper issuance of the form does not violate the statute. Further, the statute is not enacted for the benefit of individuals whose debt is discharged; the direct effect is to increase those individuals' tax liability. Any injury resulting from the filing of a false 1099-C is not contemplated by this statute, as it imposes no duty of care and no penalty for a false filing. Therefore, Raley has not alleged any of the necessary elements for negligence per se under § 6050P.

Raley next identifies 15 U.S.C. § 1681s-2(a)(6)(B) as establishing a basis for negligence per se. This statute prohibits any person from submitting information to a credit reporting agency

concerning another person who has submitted an identity theft report to the first person, unless the first person "subsequently knows or is informed by the consumer that the information is correct." Once again, the Bank is not in violation of this statute. Raley only alleges that the Bank submitted the information to the IRS and the ADR, but under the definition contained in 16 U.S.C. § 1681a(f), these entities are not consumer reporting agencies, so the Bank did not violate the statute. While the statute may have been enacted to protect victims of identify theft, as Raley claims to have been the Congressional intent, this idea, standing alone, does not establish negligence per se.

Raley further contends that negligence per se is established through the Bank's violation of 26 U.S.C. § 7434, but, as decided above, the Bank did not violate this statute because issuance of a Form 1099-C is plainly outside the scope of the statute. Without violation of the statute, Raley cannot establish negligence per se.

In his opposition to the Bank's motion to dismiss, Raley mentions other statutes and regulations as possible bases for negligence per se. However, because these allegations do not appear in Raley's complaint, this court need not address them. *See Ford v. Strange*, No. 2:13-CV-214-WKW, 2013 WL 6804191, *18 (M.D. Ala. Dec. 23, 2013). Raley's claim of statutory negligence fails in its entirety and is due to be dismissed.

**D. Raley's Belated Motion for Remand**

Finally, Raley requests this court to remand the action to state court because he has voluntarily abandoned his claim under 26 U.S.C. § 7434 (and, without his saying so, because this court has dismissed the statutory negligence claims based upon federal statutes), so "a substantial Federal question is no longer at issue." (Doc. 21 at 2). At the time the action was removed, this court possessed original jurisdiction over Raley's federal claims under 28 U.S.C. § 1331, as well as supplemental jurisdiction over Raley's related state-law claims under 28 U.S.C. § 1367(a); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Raley now contends that subsequent events have divested the court of § 1331 jurisdiction. "[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction." *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007). "[I]f a district court has subject matter jurisdiction over a[n] . . . action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002). Therefore, because Raley asserted a claim under the FDCPA in his original complaint, and his related state-law claims "form part of the same case or controversy," 28 U.S.C. § 1367(a) (2012), this court could retain subject-matter jurisdiction over the entire action, even after Raley's amendment and abandonment and

the dismissal of his statutory negligence claim.

28 U.S.C. § 1367(c)(3), however, provides the court with discretion to decline to exercise its supplemental jurisdiction over the state-law claims once all federal claims have been eliminated. In exercising this discretion, district courts are instructed to consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "'the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Albeit in the context of an action originally filed in federal court instead of one being removed to federal court, the Eleventh Circuit has "encouraged district courts to dismiss [without prejudice] any remaining state law claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

After consideration of all relevant factors, the court finds that remand of the action is appropriate. Only state-law torts remain, and under principles of comity, "[s]tate courts, not federal courts, should be the final arbiters of state law," *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). This is particularly true in this case when *Twombly* and

*Iqbal* do not apply in an Alabama court. Convenience is not implicated, inasmuch as the Circuit Court of Jefferson County sits merely a few blocks from this court. Neither is fairness a concern, since there is no indication whatsoever that Raley is guilty of forum shopping. Therefore, in light of the Eleventh Circuit's encouragement, and because none of the listed factors meaningfully support retention of jurisdiction by this court, Raley's motion for remand will be granted. This will, of course, render meaningless this court's musings on state law claims.

## CONCLUSION

For the reasons stated above, Raley's motion for leave to amend will be granted, the Bank's motion for judgment on the pleadings will be denied as moot, the Bank's motion to strike will be denied, the Bank's motion to dismiss will be granted in part and carried with the case in part, and Raley's motion for remand will be granted. A separate appropriate order will be entered.

DONE this 25th day of November, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE